IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0936-M |
| | § | |
| MANAGING INNOVATION AND | § | |
| TECHNOLOGY, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

On August 6, 2015, United States Magistrate Judge Renee Harris Toliver granted the Motion to Withdraw as Counsel for Defendant Managing Innovation and Technology, Inc. ("MINT") filed by Blake Edwards and Robert Wood. Judge Toliver also issued a Notice of Deficiency and Order observing that because MINT is a corporation it must be represented by a licensed attorney in this litigation. Not. of Def. at 1. Judge Toliver ordered that an attorney permitted to practice before this Court enter his or her appearance on behalf of MINT no later than August 20, 2015, or MINT will be subject to sanctions, including the entry of a default judgment. *Id.* To date, no attorney has entered an appearance on behalf of MINT.

It is a well-settled rule of law that a corporation cannot appear in federal court unless it is represented by a licensed attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). The appropriate remedy for a court to take when a corporation fails, after being warned, to hire counsel is "inherently discretionary." *See id.* Among other things, the court may properly strike the defenses of a corporate defendant or enter a default judgment. *Henderson v. Fenwick Protective Inc.*, 2015 WL 3439166, at *2 (N.D. Tex. May 28, 2015) (Lynn, J.) (citing cases).

In this case, MINT failed to comply with Judge Toliver's Order and remains unrepresented by counsel. MINT cannot continue to proceed unrepresented in this case—especially after Judge Toliver warned that failure to hire new counsel would result in sanctions, including the entry of a default judgment. Not. of Def. at 1. The Court has considered lesser sanctions, but finds that sanctions short of striking MINT's defenses and entering a default would not serve the interests of justice or advance the disposition of this case on the merits.

Accordingly, the Court finds that MINT is in default. Defendants' Second Amended Answer [Docket Entry #15] is stricken as to MINT only. The Clerk of Court is directed, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against MINT. Plaintiff is directed to move, by no later than **September 28, 2015**, for default judgment against MINT for failure to appear by and through counsel. The Clerk of Court is further directed to serve a copy of this Memorandum Order on MINT via certified mail, return receipt requested, at the following addresses:

> Managing Innovation and Technology, Inc.
> Attn: Scott Rohleder
> 7920 Belt Line Road, Suite 1000
> Dallas, Texas 75254
>
> Managing Innovation and Technology, Inc.
> Attn: Thi Hong Nguyen
> 8600 Freeport Parkway, Suite 110
> Irving, TX 75063

The October 6, 2015 trial setting, and all other pre-trial deadlines, are **VACATED**.

**SO ORDERED.**

August 27, 2015.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS