IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-0936-M |
| | § | |
| MANAGING INNOVATION AND | § | |
| TECHNOLOGY, INC. and THI HONG | § | |
| NGUYEN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are a Motion for Contempt and a Motion for Default Judgment

against Defendant Managing Innovation and Technology, Inc. ("MINT"), both filed by

Plaintiff Maria Gomez.  For the reasons stated below, the Motion for Default Judgment is

**GRANTED**, and the Motion for Contempt is **DENIED** as moot.

I.

Plaintiff filed this civil action on March 14, 2014 to recover unpaid overtime

wages under the Fair Labor Standards Act.  MINT was served with the Complaint on

March 18, 2104, and filed an answer on April 7, 2014.  More than a year later, on August

5, 2015, counsel for MINT filed an amended Motion to Withdraw from this matter.  The

Court granted counsel's Motion to Withdraw and ordered that that an attorney admitted

to practice before the Court must enter an appearance on behalf of MINT no later than

August 20, 2015.  The Court admonished MINT that it would be subject to sanctions,

including entry of a default judgment, if it failed to retain an attorney to represent it.

MINT failed to timely comply with the Court's Order.  Indeed, MINT remains

unrepresented by counsel to this date.

1

On August 25, 2015, Plaintiff filed a Motion for Contempt seeking, as punishment for MINT's failure to comply with the Order to obtain counsel, a default judgment against MINT. The Court also entered an Order finding MINT in default and struck MINT's Second Amended Answer. *See* Docket Entry #41. As directed, Plaintiff filed a Motion for Default Judgment. MINT has not filed a response to either motion. The Court therefore considers the motions without the benefit of a response.

## II.

It is a well-settled rule of law that a corporation cannot appear in federal court unless it is represented by a licensed attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). The appropriate remedy for a court to take when a corporation fails, after being warned, to hire counsel is "inherently discretionary." *See id.* Among other things, the court may properly strike the defenses of a corporate defendant or enter a default judgment. *Henderson v. Fenwick Protective Inc.*, 2015 WL 3439166, at *2 (N.D. Tex. May 28, 2015) (Lynn, J.) (citing cases).

Based on the record in this case, including the evidence submitted in support of Plaintiff's Motion for Contempt and Motion for Default Judgment, and the relevant authority, the Court finds that MINT has failed to hire counsel and cannot defend this action. Plaintiff is therefore entitled to a default judgment against MINT. *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (observing that a default judgment is appropriate when a party has abandoned the case and "the adversary process has been halted because of the essentially unresponsive party"). Plaintiff's Motion for Default Judgment is **GRANTED**, and her Motion for Contempt is **DENIED** as moot.

2

III.

A default judgment against a defendant conclusively establishes the defendant's liability; however, it does not establish the amount of damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (noting that after default the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages). It is the plaintiff's burden to establish an evidentiary basis for the damages sought. *See Mori Seiki USA, Inc. v. McIntyre*, 2007 WL 2584947, at *1 (N.D. Tex. Sept. 6, 2007). The plaintiff's well-pleaded factual allegations are taken as true after a default. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Here, Plaintiff has established that she was a nonexempt employee of MINT. *See* Pl. Orig. Compl. [Docket Entry #1] at 2, ¶ 9; Gomez Decl. [Docket Entry #45-1] at 1, ¶ 2. She regularly worked more than forty hours per workweek and was not paid time and one-half for her overtime hours. Pl. Orig. Compl. at 3, ¶¶ 10-13; Gomez Decl. at 1, ¶ 3. Plaintiff was paid an annual salary of $52,000 during her employment with MINT, which lasted from January 11, 2013 through January 17, 2014. Gomez Decl. at 1, ¶ 3 & 2, ¶ 6. From January 11, 2013 to July 31, 2013, Plaintiff worked a total of 62.50 hours per week, which includes 22.50 hours of overtime per week. Gomez Decl. at 1, ¶ 3. Plaintiff is entitled to an overtime premium of $8.00 per hour for the 22.50 hours of overtime she worked per week for the 28 weeks during this period, or $5,040.00. From August 1, 2013 through January 17, 2014, Plaintiff worked a total 54.25 hours per week, which includes 14.25 hours of overtime. Gomez Decl. at 2, ¶ 5. Plaintiff is entitled to an overtime premium of $9.21 per hour for the 14.25 hours of overtime she worked per week for the 24 weeks during this period, or $3,149.76. Plaintiff is therefore entitled to $8,189.76 in total actual damages.

3

Plaintiff also seeks liquidated damages pursuant to 29 U.S.C. § 216(b), which provides that an employee may recover, in addition to his unpaid wage and overtime compensation, an equal amount of liquidated damages for a violation of § 207. Because MINT has not contested Plaintiff's allegations, Plaintiff is entitled to liquidated damages.

Finally, Plaintiff seeks attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Under the FLSA, an employer who violates the statute is required to pay attorneys' fees and costs in addition to any judgment awarded to the plaintiff. *See* 29 U.S.C. 216(b). The Court has reviewed the affidavit submitted by Plaintiff's counsel and finds that counsel expended a reasonable number of hours on the litigation and charged a reasonable rate for his work on the case. Accordingly, the Court finds the amount of attorneys' fees sought by Plaintiff is reasonable. Regarding costs, Plaintiff is limited to the categories of costs recoverable under 28 US.C. § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010). Section 1920 does not permit recovery of costs for process serving, research, or travel, including costs for hotel rooms, rental cars, gasoline, parking, or meals. Accordingly, the Court finds that Plaintiff is entitled to recover $1,303.08 in costs for filing fees and deposition costs.

## CONCLUSION

Plaintiff's Motion for Default Judgment [Docket Entry #45] is **GRANTED**, and her Motion for Contempt [Docket Entry #40] is **DENIED** as moot.

Plaintiff is entitled to have and recover of and from Defendant Managing Innovation and Technology, Inc.:

(1)     unpaid overtime compensation in the amount of $8,189.76;

(2)     liquidated damages in the amount of $8,189.76; and

(3)     reasonable and necessary attorneys' fees in the amount of $38,475.00; and

4

(2)     liquidated damages in the amount of $8,189.76; and

(3)     reasonable and necessary attorneys' fees in the amount of $38,475.00; and

(4)     costs in the amount of $1,303.08.

All sums awarded above shall bear post-judgment interest at the applicable rate until

paid.

**SO ORDERED.**

October 15, 2015.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS